UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES F. CLOWER, JR.,

        Petitioner,                        CASE NO. 2:20-CV-10257

v.

                                            PAUL D. BORMAN
JACK KOWALSKI,                      UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING THE STATE'S MOTION TO DISMISS THE PETITION,**
**(2) GRANTING PETITIONER'S MOTION FOR A STAY,**
**(3) DIRECTING THE STATE TO FILE ADDITIONAL TRANSCRIPTS,**
**(4) AMENDING THE CAPTION, AND**
**(5) CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner Charles F. Clower, Jr., a state prisoner in custody of the Michigan Department Corrections, filed a *pro se* habeas corpus petition on January 31, 2020. (ECF No. 1.)  The habeas petition challenges Petitioner's Wayne County, Michigan convictions for first-degree murder, tampering with evidence, and two firearm offenses.  Currently before the Court are the State's motion to dismiss the habeas petition due to Petitioner's failure to exhaust state remedies for all his claims, and Petitioner's motion for a stay and to have his habeas petition held in abeyance while he exhausts state remedies.  Because Petitioner still has an available remedy to exhaust, the Court will grant Petitioner's motion for a stay and deny the State's motion to dismiss the habeas petition.

## I. Background

The charges against Petitioner arose from the fatal shooting of a man in an abandoned house in Detroit, Michigan. In 2016, following a jury trial in Wayne County Circuit Court, the jury found Petitioner guilty, as charged, of first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), tampering with evidence, Mich. Comp. Laws § 750.483a(6)(b), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (7/22/16 Trial Tr., ECF No. 8-5, PgID 169.) On August 9, 2016, the trial court sentenced Petitioner as a fourth habitual offender to life imprisonment for the murder conviction, 152 months (twelve years, eight months) to twenty-five years in prison for the tampering conviction, seventy-five months (six years, three months) to fifteen years for the felon-in-possession conviction, and two years for the felony-firearm conviction. (ECF No. 8-8, PgID 461-462.)

Petitioner appealed as of right and raised the following claim through counsel: the trial court committed reversible error and abused its discretion by (1) not substituting trial counsel or standby counsel during the trial, (2) not adequately inquiring into Petitioner's dissatisfaction with assigned counsel and the breakdown in the attorney-client relationship, (3) allowing Petitioner to represent himself, beginning mid-trial, even though he was untrained, unprepared, and without

sufficient discovery materials, and (4) unfairly limiting Petitioner's right to present a defense and compel the attendance of witnesses. *Id*. at PgID 580-581. In a *pro se* supplemental brief, Petitioner alleged that the prosecutor presented false testimony and altered evidence, that the evidence was insufficient to support his convictions, and that the police illegally searched his cell phone. The *pro se* supplemental brief was accepted for filing on October 6, 2017. *Id.* at Pg ID 504.

Petitioner attempted to file an amended *pro se* supplemental brief in which he argued that his trial attorneys were ineffective for failing to litigate issues and impeach two witnesses and that his appellate attorney was ineffective for failing to raise issues on appeal. *Id*. at PgID 513-515. The Michigan Court of Appeals, however, returned the motion to amend and the amended supplemental brief on May 7, 2018, without filing the documents. *Id.* at PgID 505, 508. Three days later, the Court of Appeals affirmed Petitioner's convictions. *See People v. Clower*, No. 334943, 2018 WL 2165866 (Mich. Ct. App. May 10, 2018).

Petitioner subsequently applied for leave to appeal in the Michigan Supreme Court. He argued in his *pro se* application that: (1) the trial abused its discretion by denying him substitute counsel, allowing him to represent himself, and not permitting him to recall a witness; (2) the prosecutor suppressed and tampered with evidence; (4)[1] the evidence was not sufficient to support his murder conviction; and

---

[1] There is no claim 3 in the application.

3

(5) the prosecution tampered with evidence on Petitioner's phone and also lacked a search warrant. (ECF No. 8-9, PgID 686-692.)

In the section of the form allotted for raising new issues, Petitioner alleged that his appellate attorney refused to file motions in his behalf and failed to raise his claims on appeal. *Id*. at PgID 693, 699-700. Petitioner also alleged that his three trial attorneys provided inadequate assistance in that they failed to (1) file the motions he requested, (2) make an adequate investigation, and (3) seek an evidentiary hearing so that he could establish his claims. *Id*. at PgID 697-699. On December 4, 2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review Petitioner's claims. *See People v. Clower*, 503 Mich. 914 (2018).

On January 31, 2020, Petitioner filed his habeas corpus petition. His first claim alleges that the prosecutor: tampered with evidence; failed to disclose exculpatory and material evidence; failed to correct false testimony by the star witness; searched his cell phone without a warrant; deleted text messages and videos that would have proved his innocence; and altered the messages to establish Petitioner's guilt. (ECF No. 1, Pg ID 5.)

Petitioner's second claim alleges that the trial court abused its discretion and violated his right to due process by: denying substitution of trial counsel and allowing him to represent himself mid-trial, even though he was untrained and

4

unprepared; depriving him of discovery material that he learned about during trial; denying him the right to present a defense; and not allowing him to recall a witness. *Id*. at Pg.ID 7.

The third claim alleges ineffective assistance of trial and appellate counsel. Petitioner contends that his trial attorneys did not assist him in preparing a defense or obtaining discovery and waived his right to appellate review of several issues. Petitioner maintains that appellate counsel failed to raise certain issues and waived his right to file a motion for new trial before his appeal. *Id*. at PgID 8.

The fourth and final habeas claim repeats some of the allegations set forth in Petitioner's first claim. Petitioner argues that the prosecutor and detectives assigned to his case suppressed evidence, lacked a warrant to search his cell phone, deleted text messages and videos that would have proved his innocence, and altered text messages to show an admission of guilt. *Id.* at PgID 10.

The State argues in its motion to dismiss the petition that Petitioner failed to exhaust state remedies for his third claim about trial and appellate counsel. (ECF No. 9, PgID 797-798.) Thus, according to the State, the habeas petition is a "mixed" petition of exhausted claims and one unexhausted claim.

On September 2, 2020, Petitioner filed a response to the State's motion and his pending motion. He has asked the Court to deny the State's motion and to hold

5

his habeas petition in abeyance while he exhausts state remedies. (ECF No. 10, PgID 811; ECF No. 11, PgID 814.)

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

To properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). The submission of a new claim to a State's highest court on discretionary review does not constitute fair presentation, *Castille v. Peoples*, 489 U.S. 346, 351 (1989), and a federal district court normally must dismiss a "mixed" petition, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

The record before the Court indicates that Petitioner raised his claims about the trial court, the prosecutor, and the police in the Michigan Court of Appeals and in the Michigan Supreme Court. However, when he attempted to amend his *pro se*

6

supplemental brief to include a claim about his trial and appellate attorneys, the Michigan Court of Appeals returned his motion to amend and his amended supplemental brief. Although Petitioner subsequently raised claims about his trial and appellate attorneys in the Michigan Supreme Court, that did not satisfy the exhaustion requirement. *See Peoples*, 489 U.S. at 351. It may have if there had been an adjudication on the merits of Petitioner's claim, *see Pitchess v. Davis*, 421 U.S. 482, 488 (1975), but the Michigan Supreme Court denied leave to appeal without adjudicating the merits of Petitioner's claims.

Petitioner's third claim is unexhausted, but a dismissal of the habeas petition while Petitioner pursues state remedies for his unexhausted claim about his former attorneys could result in a subsequent petition being barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). As explained in *Rhines v. Weber*, 544 U.S. 269 (2005),

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 275.

7

To cure this problem, the Supreme Court approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while a petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id*. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. This stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id*. at 278.

Petitioner alleges that his appellate attorney was ineffective for failing to raise certain issues on direct appeal. (ECF No. 1, PgID.8.) He does not appear to be engaged in intentionally delaying tactics, and his unexhausted claims are not plainly meritless. Accordingly, it would not be an abuse of discretion to stay this case while Petitioner pursued additional state-court remedies. The Court, therefore, denies the State's motion to dismiss (ECF No. 9) and grants Petitioner's motion to stay this proceeding and to hold his habeas petition in abeyance (ECF No. 11).

As a condition for this stay, Petitioner shall file a motion for relief from judgment in the state trial court within sixty (60) days of this order if he has not

already done so.  If he is unsuccessful in state court and wishes to return to federal court, he shall file an amended habeas corpus petition and a motion to re-open this case within sixty (60) days of exhausting state remedies.

In the meantime, the Court orders the State to file the missing volumes of the transcript of trial.  The state court's register of actions shows that the trial took place July 18-22, 2016, but the record in this case includes only the transcripts for July 21, 2016, and July 22, 2016.   The Court needs the remaining three volumes of the transcript of trial (July 18-20, 2016).

One further administrative concern is the caption for this case.  The State pointed out in its motion to dismiss that Mike Brown is the acting warden at the Kinross Correctional Facility in Kincheloe, Michigan where Petitioner is incarcerated. (ECF. No. 9 PgID.796 n.1.)  Accordingly, the Court orders the Clerk of Court to amend the docket for this case to show that Mike Brown is the respondent, because he currently holds Petitioner in custody.  The caption for this case is amended to read: "Charles F. Clower, Jr.  v. Mike Brown."

Finally, the Court hereby closes this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>

Dated:  March 5, 2021            UNITED STATES DISTRICT JUDGE