UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES F. CLOWER, JR,

          Petitioner,

v.                              Case No. 2:20-cv-10257

                                Honorable F. Kay Behm

MIKE BROWN,

          Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO REINSTATE THE HABEAS PETITION [ECF No. 27]

Before the Court is Petitioner Charles F. Clower Jr.'s motion docketed as a Motion to Reinstate the Habeas Petition.[1] The Court previously dismissed Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 for failing to comply with the conditions set forth in the Court's order staying and administratively closing the case. Petitioner now appears to challenge the dismissal of his petition and requests that the Judge previously assigned to this case recuse himself. For the reasons stated below, the Court **DENIES** the motion.

---

[1] Petitioner titled his document "Motion For District Judge Borman To Secure Himself And Step Down As Residing Judge Due To Discrimination And Neglect Of Duty And Tampering With The Defense Evidence And Before Stepping Down Reinstate The Defense Petition For Writ Of Habeas Corpus Due To The Evidence Chief Judge Cox Presented To Judge Borman By The Defense." ECF No. 27, PageID.1467.

In his motion to reinstate the petition, Petitioner requests that District Judge Paul D. Borman recuse himself because of discrimination and neglect of duty. Petitioner argues that when dismissing his petition, Judge Borman ignored undisputed facts and evidence. While Petitioner does not explicitly explain his challenge to Judge Borman's dismissal order, he claims that he was not required to exhaust his state court remedies beyond the Michigan Supreme Court and argues that the Court erred by failing to review his evidence, consider his actual innocence, and find that the state court erred in his criminal and post-conviction proceedings. ECF No. 27, PageID.1467.

First, to the extent Petitioner requests to recuse Judge Borman from this case, his request is moot. This case has been reassigned to the undersigned. Accordingly, the request for recusal is denied.

Second, because Petitioner appears to challenge the dismissal of his petition, the Court will construe the motion as either being filed under Federal Rule of Civil Procedure 59(e) or 60(b). The Court concludes that Petitioner is not entitled to relief under either rule.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a

court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).  Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*. Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments

previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003). The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 454 (6th Cir. 2008).

To the extent that Petitioner seeks relief under Rule 59(e), such relief is unavailable because the motion was not timely filed. Rule 59(e) permits a party to ask the Court to alter or amend its judgment within 28 days of entry of that judgment. The judgment denying the petition was issued on June 7, 2024. The time for filing a Rule 59(e) motion expired on July 5, 2024. Petitioner's motion, filed on March 14, 2025, is well beyond the 28-day period. The Court may not extend the time for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under . . . [Rule 59(e).]"). For this reason, Petitioner is not entitled to relief under Rule 59(e).

Petitioner is also not entitled to relief under Rule 60(b). The Court dismissed the habeas petition because Petitioner failed to comply with several conditions of the stay order. ECF No. 25, PageID.1463. Petitioner neither explains how the Court's decision resulted in a mistake, nor provides any other reason that may justify relief under Rule 60(b)(2)-(6).  Indeed, Petitioner does not discuss the basis for the Court's dismissal at all; rather, he claims that the Court failed to consider his evidence and actual innocence. At most, Petitioner appears to be rehashing

4

arguments made in his habeas petition. Thus, he has not met his burden under Rule 60(b).  Petitioner is not entitled to relief.

Accordingly, the Court **DENIES** the Motion to Reinstate the Petition, ECF No. 27.

**SO ORDERED**.

Dated:  September 25, 2025                    <u>s/F. Kay Behm</u>
                                             F. Kay Behm
                                             United States District Judge